Morgan, J.
Plaintiff sues the city for $7016 66, for salary and fees of office as Clerk of the Superior Criminal Court.
His bills have been approved by the judge of that court.
There is no contest as regards his salary. The city, however, contends that his account is swelled up by charges which he is not entitled, under the law, to make.
Plaintiff contends: First, that he has only charged such fees as are allowed by law; and, second, that the approval of his accounts by the judge is conclusive.
Section two of the act of 1874, p. 220, which established the Superior Criminal Court, and provided for a clerk thereof, says: “ The clerk shall receive a salary of ñve thousand dollars per annum, and such fees as are now allowed by law for.the issuing of attachments, subpenas to witnesses and writs of habeas corpus, and also ten per cent, on all fines collected; and for issuing any process, the fee whereof is not provided by law, the judge of the court shall fix the compensation, which salary, fees and compensation shall be paid quarterly by the treasury or Department of Finance of the city of New Orleans.”
Many of the charges winch go to make up the total of the sum claimed from the city .consist in “ motions made by Attorney General to file indictment,” “recording, docketing and indexing same,” “copies of indictment,” “ reading information to jury,” etc.
“ Process is so denominated because it proceeds, or issues forth in order to bring the defendant into court to answer the charge preferred *458 against him, and signifies the writ or judicial means by which he is brought to answer.” Bouvier’s Law Dictionary, verbo Process.
Motions made by the Attorney General, copies of indictments, etc., are not process. These are services which, it seems, are paid by the salary of five thousand dollars.
The second ground relied upon by the plaintiff is, that the account sued on having bee.n approved by the judge, the city is concluded. He quotes the one thousand and forty-second section of the Revised Statutes, which provides that “ all expenses incurred in the different parishes of the State and in the city of New Orleans, by the arrest, confinement, etc., of persons accused or convicted of crimes*** and all expenses whatever attending criminal proceedings shall be paid*** after an account thereof shall be duly certified to be correct by the clerk of the court and the presiding judge thereof.” And he relies upon the cases of Parker v. Robertson, 14 An. 249; Shaw v. Howell, 18 An. 195, and on the case of the City v. Patton, lately decided.
Parker’s claim was for expenses in criminal proceedings. His accounts were approved by the judge and clerk. The court said: “ The act of 1857 leaves it to the wisdom of the judge and clerk to interpret the act of 1857, and to decide what are the expenses intended by it.*** The Legislature have manifested their compliance by clothing them with the power of certifying these accounts.” But the decision goes on: “It is true that as the certificate is, according to Mr. Crittenden, the evidence of the exercise of a special and limited jurisdiction, it must show upon its face a case within that jurisdiction. If, for example, the certificate of the judge and clerk should show upon its face that it was for fees in civil suits, the auditor might refuse to authorize its payment, because there is no law empowering the judge and clerk to certify them in order to have them paid by the State.”
The case supposed is the case before us. The judge has no power to certify the costs of any thing but processes, for which no provision had been made in the statute. The charges complained of were not for the issuing of any process. The judge, therefore, under the statute, had no power, by his certificate of their correctness, to make them a liability of the city, and his approval was binding upon no one.
Shaw’s case was identical in facts with Parker’s case, and Patton s case does not differ from either.
In our opinion the account A should be reduced $1802 05, and account B $398 75.
It is therefore ordered, adjudged and decreed that the judgment of the district court be amended by reducing the same from $9089 21 to $6888 41, and that, as thus amended, it be affirmed; defendant to pay costs in the court below, the costs of appeal to be borne by plaintiff.